UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

v.                                                            Case No. 2:19-cr-205-TPB-MRM

STEVEN CLEMENTS TELGENHOF,

    Defendant.
_____/

**ORDER DENYING DEFENDANT'S "MOTION FOR MODIFICATION OF TERM OF IMPRISONMENT"**

This matter is before the Court on Defendant Steven Clements Telgenhof's "Motion for Modification of Term of Imprisonment," filed *pro se* on April 1, 2024. (Doc. 82). On April 15, 2024, the Government filed its response. (Doc. 83). After reviewing the motion, response, case file, and the record, the Court finds as follows:

Defendant pleaded guilty to intentionally distributing a controlled substance containing a detectable amount of fentanyl (Count One) and intentionally possessing with intent to distribute a controlled substance containing a detectable amount of fentanyl (Count Two). On March 4, 2021, the Court sentenced Defendant to a total of 210 months imprisonment on each count, with each count to run concurrently, followed by 36 months supervised release.

Defendant, who is currently incarcerated at FCI Coleman Low, is projected to be released in March 2034. In his motion, Defendant requests that the Court modify or reduce his sentence to 168 months. Specifically, Defendant argues that if he were to be sentenced today, a recent amendment to the safety valve provision

would result in a lesser sentence.

A district court is not free to modify a term of imprisonment once it has been imposed, except upon motion of the Director of the Bureau of Prisons ("BOP"); or upon motion by the defendant, after he has fully exhausted all administrative rights to appeal a failure of the BOP to bring a motion on his behalf, or 30 days has elapsed from receipt of such a request by the warden of the defendant's facility, whichever is earlier.  18 U.S.C. § 3582(c)(1)(A); *see also United States v. Celedon*, 353 F. App'x 278, 280 (11th Cir. 2009).

After reviewing the applicable law and facts presented here, the Court finds that Defendant is not entitled to relief.  As the Government correctly points out, the recent amendment of the Guidelines' "safety valve" provision was not designated to apply retroactively.  Moreover, even if the amendment were retroactive, it would not apply here because Defendant's offense caused the death of another individual, precluding operation of the safety valve.[1]  The motion is therefore denied.

**DONE AND ORDERED** in Chambers, in Fort Myers, Florida, this 29th day of August, 2024.

TOM BARBER
UNITED STATES DISTRICT JUDGE

---

[1] Defendant also never debriefed with the Government prior to his sentencing, making the safety valve provision inapplicable.